UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v.                                        CASE NO.  5:25-cr- 23-TPB-PRL
                                          18 U.S.C. § 201(b)(2)
                                          18 U.S.C. § 1791(a)(1)
SAMUEL BRANDON SMITH

## INFORMATION

The United States Attorney charges:

## COUNT ONE

Between on or about December 18, 2023, and on or about September 4, 2024,

in the Middle District of Florida, the defendant,

**SAMUEL BRANDON SMITH,**

being a public official, employed by the United States Department of Justice, Federal

Bureau of Prisons, as a corrections officer at the Coleman Federal Correctional

Complex, did, directly and indirectly, knowingly and corruptly receive, accept, and

agree to receive and accept anything of value personally and for any other person

and entity, in return for being influenced in the performance of an official act, and in

return for being induced to do an act in violation of his official duty, that is, the

smuggling of contraband into the Federal Correctional Complex in return for

payment of monies.

In violation of 18 U.S.C. § 201(b)(2).

## COUNT TWO

On or about September 4, 2024, in the Middle District of Florida, the

defendant,

### SAMUEL BRANDON SMITH,

in violation of a statute, rule, and order issued under a statute, knowingly attempted

to provide a prohibited object, namely, marijuana and Tetrahydrocannabinol

("THC"), to an inmate of the Coleman Federal Correctional Complex.

In violation of 18 U.S.C. § 1791(a)(1) and (b)(3).

## FORFEITURE

1.      The allegations contained in Count One are incorporated by reference

for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. §

981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.      Upon conviction of a violation of 18 U.S.C. § 201(b)(2), the defendant

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C.

§ 2461(c), any property, real or personal, which constitutes or is derived from

proceeds traceable to the offense.

3.      The property to be forfeited includes, but is not limited to, the

following: an order of forfeiture for at least $43,901, which represents the proceeds of

the offense charged in Count One.

4.      If any of the property described above, as a result of any act or omission

of the defendant:

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third party;

c.  has been placed beyond the jurisdiction of the court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be

     divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the

provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).


ROGER B. HANDBERG
United States Attorney

By: _____
Hannah Watson
Assistant United States Attorney

By: _____
Robert E. Bodnar, Jr.
Assistant United States Attorney
Chief, Ocala Division